ROBERT FELDMAN, State Bar No. 69602
JENNIFER A. OCHS, State Bar No. 174069
MAURA L. REES, State Bar No. 191698
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Attorneys for Defendants
And Counterclaimants
GS MAGIC, INC., GS MAGICSTOR, INC. and
RIOSPRING, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HITACHI GLOBAL STORAGE TECHNOLOGIES NETHERLANDS, B.V.,<br><br>Plaintiff,<br><br>v.<br><br>GS MAGIC, INC., GS MAGICSTOR, INC. and RIOSPRING, INC.,<br><br>Defendants and Counterclaimants. | CASE NO.: C-04-05460-JF<br><br>ANSWER AND COUNTERCLAIMS<br><br>DEMAND FOR JURY TRIAL |

**ANSWER**

Defendants GS Magic, Inc. ("GS Magic"), GS Magicstor, Inc. ("GS Magicstor") and Riospring, Inc. ("Riospring") answer the Complaint of Hitachi Global Storage Technologies Netherland, B.V. ("HGST") as follows:

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained of Paragraph 1 of the Complaint, and on that basis deny them.

2. In answer to Paragraph 2 of the Complaint, Defendants admit that GS Magic is a People's Republic of China Corporation having offices at 30F Fuzhong International Plaza, 126 Xinhua Road, Guiyang, Guizhou, 550002 P.R.China.  Defendants deny the remaining allegations of Paragraph 2 of the Complaint.

3. In answer to Paragraph 3 of the Complaint, Defendants admit that GS Magicstor is a People's Republic of China Corporation having offices at No. 1 Duxin Road, Dulaying, Guiyang, Guizhou, 550017 P.R.China.  Defendants deny the remaining allegations of Paragraph 3 of the Complaint.

4. Defendants admit the allegations of Paragraph 4 of the Complaint.

5. In answer to Paragraph 5 of the Complaint, Defendants admit that civil actions for patent infringement arise under the patent laws of the United States, 35 U.S.C. § 271 *et seq*, but deny that Defendants infringe HGST's patents.

6. Defendants admit the allegations contained in Paragraph 6.

7. In answer to Paragraph 7 of the Complaint, Defendants admit that RioSpring resides in this judicial district, but deny the remaining allegations of Paragraph 7 of the Complaint.

8. In answer to Paragraph 8 of the Complaint, Defendants admit that the face of the '660 patent indicates the date it issued, its title, and its named inventor; but deny that it "duly and properly issued"; Defendants lack knowledge or information sufficient to form a belief as to whether HGST is the owner of the '660 patent, and on that basis, deny this allegation and otherwise deny all allegations not expressly admitted.

9. In answer to Paragraph 9 of the Complaint, Defendants admit that the face of the '474 patent indicates the date it issued, its title, and its named inventor; but deny that it "duly and properly issued"; Defendants lack knowledge or information sufficient to form a belief as to whether HGST is the owner of the '474 patent, and on that basis, deny this allegation and otherwise deny all allegations not expressly admitted.

10. In answer to Paragraph 10 of the Complaint, Defendants admit that the face of the '190 patent indicates the date it issued, its title, and its named inventors; but deny that it "duly

1  and properly issued"; Defendants lack knowledge or information sufficient to form a belief as to
2  whether HGST is the owner of the '190 patent, and on that basis, deny this allegation and
3  otherwise deny all allegations not expressly admitted.

4      11.    In answer to Paragraph 11 of the Complaint, Defendants admit that the face of the
5  '848 patent indicates the date it issued, its title, and its named inventors; but deny that it "duly
6  and properly issued"; Defendants lack knowledge or information sufficient to form a belief as to
7  whether HGST is the owner of the '848 patent, and on that basis, deny this allegation and
8  otherwise deny all allegations not expressly admitted.

9      12.    In answer to Paragraph 12 of the Complaint, Defendants admit that GS Magic
10 develops and manufactures hard disk drives in P.R. China but otherwise deny the allegations.

11     13.    In answer to Paragraph 13 of the Complaint, Defendants admit that GS Magicstor
12 develops and manufactures hard disk drives in P.R. China but otherwise deny the allegations.

13     14.    In answer to Paragraph 14 of the Complaint, Defendants admit that RioSpring
14 develops hard disk drives, but otherwise deny the allegations.

15     15.    Defendants deny the allegations of Paragraph 15 of the Complaint.
16     16.    Defendants deny the allegations of Paragraph 16 of the Complaint.
17     17.    Defendants deny the allegations of Paragraph 17 of the Complaint.
18     18.    Defendants deny the allegations of Paragraph 18 of the Complaint.
19     19.    Defendants deny the allegations of Paragraph 19 of the Complaint.
20     20.    Defendants reallege and incorporate herein their responses to paragraphs 1-19 of
21 the Complaint.

22     21.    Defendants deny the allegations of Paragraph 21 of the Complaint.
23     22.    Defendants deny the allegations of Paragraph 22 of the Complaint.
24     23.    Defendants deny the allegations of Paragraph 23 of the Complaint.
25     24.    Defendants deny the allegations of Paragraph 24 of the Complaint.
26     25.    Defendants reallege and incorporate herein their responses to paragraphs 1-24 of
27 the Complaint.

28     26.    Defendants deny the allegations of Paragraph 26 of the Complaint.

27. Defendants deny the allegations of Paragraph 27 of the Complaint.

28. Defendants deny the allegations of Paragraph 28 of the Complaint.

29. Defendants deny the allegations of Paragraph 29 of the Complaint.

30. Defendants reallege and incorporate herein their responses to paragraphs 1-29 of the Complaint.

31. Defendants deny the allegations of Paragraph 31 of the Complaint.

32. Defendants deny the allegations of Paragraph 32 of the Complaint.

33. Defendants deny the allegations of Paragraph 33 of the Complaint.

34. Defendants deny the allegations of Paragraph 34 of the Complaint.

35. Defendants reallege and incorporate herein their responses to paragraphs 1-34 of the Complaint.

36. Defendants deny the allegations of Paragraph 36 of the Complaint.

37. Defendants deny the allegations of Paragraph 37 of the Complaint.

38. Defendants deny the allegations of Paragraph 38 of the Complaint.

39. Defendants deny the allegations of Paragraph 39 of the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

1. Defendants have not directly or indirectly infringed, contributed to the infringement of, or induced the infringement of any valid claim of the patents-in-suit.

**SECOND AFFIRMATIVE DEFENSE**

2. The patents-in-suit are invalid for failing to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 102 *et seq.,* including but not limited to 35 U.S.C. §§ 102, 103, and 112.

**THIRD AFFIRMATIVE DEFENSE**

3. Defendants are the beneficiaries of an express or implied license to the patents-in-suit.

### FOURTH AFFIRMATIVE DEFENSE

4. HGST's assertion of the patents-in-suit is barred by the doctrines of laches and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

5. Defendants liability (if any) is reduced in whole or in part under the doctrine of patent exhaustion.

### SIXTH AFFIRMATIVE DEFENSE

6. HGST's claims are barred by the doctrine of patent misuse.

### SEVENTH AFFIRMATIVE DEFENSE

7. HGST is not entitled to equitable remedies due to its unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

8. Any damages claimed by HGST are limited pursuant to 35 U.S.C. §§ 286-287.

### NINTH AFFIRMATIVE DEFENSE

9. This Court lacks personal jurisdiction over the Defendants.

### TENTH AFFIRMATIVE DEFENSE

10. Service of process upon the Defendants was not sufficient.

### TWELFTH AFFIRMATIVE DEFENSE

11. HGST has failed to join parties under Fed. R. Civ. P. 19.

### COUNTERCLAIMS

Defendants allege for their counterclaims herein on personal knowledge as to their own activities and on information and belief as to the activities of others as follows:

**The Parties**

40. GS Magic is a P.R. China corporation and has a principal place of business at 30F Fuzhong International Plaza, 126 Xinhua Road, Guiyang, Guizhou, 550002 P.R.China.

41. GS Magicstor is a P.R. China corporation and has a principal place of business at No. 1 Duxin Road, Dulaying, Guiyang, Guizhou, 550017 P.R. China.

42. Riospring is a California corporation and has a principal place of business at 1490 McCandless Drive, Milpitas, California 95035 USA.

43. On information and belief, HGST is a corporation organized under the laws of The Netherlands and has a place of business at Locatellikade 1, Parnassustoren 1076 AZ Amsterdam, The Netherlands.

## Jurisdiction and Venue

44. This Court has jurisdiction over the subject matter of this counterclaim pursuant to 28 U.S.C. §§ 1338(a), 2201, and 2202.

45. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## HGST's Disparagement of Defendants' Business

46. On or about December 18, 2004, HGST (through its attorneys) wrote a letter to GS Magicstor and the Consumer Electronics Association threatening to cause the exclusion of Defendants' products from the CES trade show, which was scheduled for January 2005. In the letter, HGST published the false and defamatory statement that CES policies mandated exclusion of GS Magicstor's products from the CES trade show. In fact, as HGST knew or should have known, there is no CES policy that allows products to be excluded based on unresolved claims of patent infringement by competitors. Rather, CES officials will exclude products for IP reasons only when: (1) an injunction has been entered by a court against selling the product; or (2) the products to be exhibited are counterfeits that display the name or trademark of another company without authorization.

47. HGST's letter falsely suggested that GS Magicstor's products were counterfeit versions of other products, a claim completely unrelated to the actual patent dispute that currently exists between the parties. HGST's letter even went so far as to compare GS Magicstor's legitimate hard drive business to that of companies who sell pirated DVD players displaying the Dolby audio logo without permission from Dolby.

48. HGST made its misleading and defamatory statements about GS Magicstor's products and the policies of the CES organization maliciously and without a good faith basis. Whether or not GS Magicstor's products infringe any HGST patents (which infringement GS Magicstor categorically denies), there was no basis to seek to exclude GS Magicstor's products from an important industry trade show. HGST's motive was simply to tarnish the image of GS Magicstor's products in the eyes of the industry and customers and to cause competitive harm.

## **First Counterclaim**

### **(Declaratory Judgment re: '660 Patent)**

49. Defendants reallege and incorporate by reference the allegations of Paragraphs 1 through 48 above.

50. The '660 patent is invalid and/or not infringed for reasons including the existence of relevant prior art, the failure to comply with 35 U.S.C. §§ 102, 103 and 112, the operation of the doctrine of prosecution history estoppel, and because the accused products do not infringe on any valid and enforceable patent claims.

51. An actual controversy exists between the parties regarding whether any of the Defendants' activities infringe, directly or indirectly, any valid and enforceable claims of the '660 patent.

52. Defendants request a judicial determination of the respective rights of Defendants and HGST regarding HGST's claims that Defendants' manufacture, use, sale, or offers for sale of hard disk drives allegedly infringes, directly or indirectly, any valid and enforceable claims of the '660 patent. Defendants specifically request a declaration that they have not infringed, and do not infringe, any valid and enforceable claim of the '660 patent, and that any remaining asserted claims are invalid, unenforceable, and not infringed.

53. Accordingly, Defendants are entitled to a declaratory judgment that the '660 patent is invalid and is not infringed.

**Second Counterclaim**

**(Declaratory Judgment re: '474 Patent)**

54. Defendants reallege and incorporate by reference the allegations of Paragraphs 1 through 53 above.

55. The '474 patent is invalid and/or not infringed for reasons including the existence of relevant prior art, the failure to comply with 35 U.S.C. §§ 102, 103 and 112, the operation of the doctrine of prosecution history estoppel, and because the accused products do not infringe on any valid and enforceable patent claims.

56. An actual controversy exists between the parties regarding whether any of the Defendants' activities infringe, directly or indirectly, any valid and enforceable claims of the '474 patent.

57. Defendants request a judicial determination of the respective rights of Defendants and HGST regarding HGST's claims that Defendants' manufacture, use, sale, or offers for sale of hard disk drives allegedly infringes, directly or indirectly, any valid and enforceable claims of the '474 patent. Defendants specifically request a declaration that they have not infringed, and do not infringe, any valid and enforceable claim of the '474 patent, and that any remaining asserted claims are invalid, unenforceable, and not infringed.

58. Accordingly, Defendants are entitled to a declaratory judgment that the '474 patent is invalid and is not infringed.

**Third Counterclaim**

**(Declaratory Judgment re: '190 Patent)**

59. Defendants reallege and incorporate by reference the allegations of Paragraphs 1 through 58 above.

60. The '190 patent is invalid and/or not infringed for reasons including the existence of relevant prior art, the failure to comply with 35 U.S.C. §§ 102, 103 and 112, the operation of the doctrine of prosecution history estoppel, and because the accused products do not infringe on any valid and enforceable patent claims.

61. An actual controversy exists between the parties regarding whether any of the Defendants' activities infringe, directly or indirectly, any valid and enforceable claims of the '190 patent.

62. Defendants request a judicial determination of the respective rights of Defendants and HGST regarding HGST's claims that Defendants' manufacture, use, sale, or offers for sale of hard disk drives allegedly infringes, directly or indirectly, any valid and enforceable claims of the '190 patent. Defendants specifically request a declaration that they have not infringed, and do not infringe, any valid and enforceable claim of the '190 patent, and that any remaining asserted claims are invalid, unenforceable, and not infringed.

63. Accordingly, Defendants are entitled to a declaratory judgment that the '190 patent is invalid and is not infringed.

**Fourth Counterclaim**

**(Declaratory Judgment re: '848 Patent)**

64. Defendants reallege and incorporate by reference the allegations of Paragraphs 1 through 63 above.

65. The '848 patent is invalid and/or not infringed for reasons including the existence of relevant prior art, the failure to comply with 35 U.S.C. §§ 102, 103 and 112, the operation of the doctrine of prosecution history estoppel, and because the accused products do not infringe on any valid and enforceable patent claims.

66. An actual controversy exists between the parties regarding whether any of the Defendants' activities infringe, directly or indirectly, any valid and enforceable claims of the '848 patent.

67. Defendants request a judicial determination of the respective rights of Defendants and HGST regarding HGST's claims that Defendants' manufacture, use, sale, or offers for sale of hard disk drives allegedly infringes, directly or indirectly, any valid and enforceable claims of the '848 patent. Defendants specifically request a declaration that they have not infringed, and do not infringe, any valid and enforceable claim of the '848 patent, and that any remaining asserted claims are invalid, unenforceable, and not infringed.

68. Accordingly, Defendants are entitled to a declaratory judgment that the '848 patent is invalid and is not infringed.

### Fifth Counterclaim

**(Defamation, Cal. Civ. Code § 44 et seq.)**

69. Defendants reallege and incorporate by reference the allegations of Paragraphs 1 through 68 above.

70. HGST's actions as set forth above constitute a false and unprivileged disparagement of Defendants and their products, implying business dishonesty and/or unfair business practices, causing damage to Defendants.

71. As a result of such actions, HGST is liable for defamation.

## RELIEF SOUGHT

WHEREFORE, Defendants seek judgment on HGST's Complaint and Defendants' counterclaims as follows:

(a) That the Court enter judgment in favor of Defendants and against HGST on HGST's claims;

(b) That the Court find that the patents-in-suit are invalid, unenforceable, and/or not infringed and issue declaratory judgments against HGST and in favor of Defendants on these issues;

(c) That the Court find this to be an exceptional case within the meaning of 35 U.S.C. § 285;

(d) That Defendants be awarded their costs of suit and attorneys' fees as allowed by law;

(e) That Defendants be awarded compensatory and exemplary damages; and

(f) For such other and further relief as the Court may deem just and proper.

Dated:  March 17, 2005

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By: _____/s/ Robert P. Feldman_____
          Robert P. Feldman

Attorneys for Defendants and Counterclaimants
GS MAGIC, INC., GS MAGICSTOR, INC. and RIOSPRING, INC.

**DEMAND FOR JURY TRIAL**

GS Magic, Inc., GS Magicstor, Inc., and RioSpring, Inc. demand a trial by jury on all claims so triable.

Dated:  March 17, 2005

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   /s/ Robert P. Feldman
         Robert P. Feldman

Attorneys for Defendants and Counterclaimants
GS MAGIC, INC., GS MAGICSTOR, INC. and RIOSPRING, INC.