1    DANIEL E. ALBERTI (State Bar No. 68620)
     MARK G. DAVIS (*Pro Hac vice*)
2    MICHAEL D. SWITZER (*Pro Hac Vice*)
     McDERMOTT WILL & EMERY LLP
3    3150 Porter Drive
     Palo Alto, CA 94306
4    Telephone: (650) 813-5000
     Facsimile: (650) 813-5100
5    (dalberti@mwe.com)
     (mdavis@mwe.com)
6    (mswitzer@mwe.com)

7    Attorneys for Plaintiff,
     HITACHI GLOBAL STORAGE
8    TECHNOLOGIES NETHERLANDS B.V.

**FILED**

JUN 1 3 2005

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| **HITACHI GLOBAL STORAGE TECHNOLOGIES NETHERLANDS, B.V.** | CASE NO. CV-04-05460 JF |
|          Plaintiff, | ELECTRONIC CASE FILING |
|     v. | **STIPULATED [PROPOSED] PROTECTIVE ORDER** |
| **GS MAGIC, INC.; GS MAGICSTOR, INC.; and RIOSPRING, INC.** | |
|          Defendants. | |
| **GS MAGIC, INC.; GS MAGICSTOR, INC.; and RIOSPRING, INC.** | |
|          Counterclaimants. | |
|     v. | |
| **HITACHI GLOBAL STORAGE TECHNOLOGIES NETHERLANDS, B.V.** | |
|          CounterDefendant. | |

1      1.      PURPOSES AND LIMITATIONS

2          Disclosure and discovery activity in this action are likely to involve production of

3   confidential or proprietary technical, commercial, financial, scientific, business and/or trade-

4   secret information for which special protection from public disclosure and from use for any

5   purpose other than prosecuting this action would be warranted.  Accordingly, the parties hereby

6   stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order").

7   The parties acknowledge that this Order does not confer blanket protections on all disclosures or

8   responses to discovery and that the protection it affords extends only to the limited information or

9   items that (a) may have the effect of causing harm to the competitive position of the person or

10  legal entity from which the information was obtained, (b) would violate an obligation of

11  confidentiality to a third party, including but not limited to a court, or (c) deemed by any party to

12  be confidential information belonging to it pursuant to Rule 26(c) of the Federal Rules of Civil

13  Procedure.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated

14  Protective Order creates no entitlement to file confidential information under seal; Civil L.R. 79-5

15  sets forth the procedures that must be followed and reflects the standards that will be applied

16  when a party seeks permission from the Court to file material under seal.

17

18          Pursuant to Patent L.R. 2.2, any documents produced by a Party prior to the entry of this

19  Order shall be deemed to be governed by this Order.

20      2.      DEFINITIONS

21          2.1      Action:  the litigation captioned Hitachi Global Storage Technologies

22  Netherlands B.V. v. GS Magic, Inc., GS Magicstor, Inc., and Riospring, Inc. Case No. CV-

23  04-05460.

24          2.2      Party:  any party to this Action, including all of its officers, directors,

25  and employees.

26          2.3      Disclosure or Discovery Material:  all items or information, regardless

27  of the medium or manner generated, stored, or maintained (including, among other things,

28

1   testimony, transcripts, or tangible things) that are produced or generated in disclosures or

2   responses to discovery in this matter.

3              2.4     "Attorneys Eyes Only" Information or Items:  information (regardless

4   of how generated, stored or maintained) or tangible things that qualify for protection under

5   standards developed under Fed. R. Civ. P. 26(c), that may have the effect of causing harm to

6   the competitive position of the person or legal entity from which the information was

7   obtained, or would violate an obligation of confidentiality to a third party, including but not

8   limited to a court.

9              2.5     Receiving Party:  a Party that receives Disclosure or Discovery

10   Material from a Producing Party.

11              2.6     Producing Party:  a Party or non-party that produces Disclosure or

12   Discovery Material in this Action.

13              2.7     Designating Party:  a Party or non-party that designates information or

14   items that it produces in disclosures or in responses to discovery as "Attorneys Eyes Only."

15              2.8     Protected Material:  any Disclosure or Discovery Material that is

16   designated as "Attorneys Eyes Only."

17              2.9     Outside Counsel:  attorneys who are not employees of a Party but who

18   are retained to represent or advise a Party in this Action.

19              2.10    Expert:  a person with specialized knowledge or experience in a matter,

20   pertinent to the Action who has been retained by a Party or its counsel to serve as an expert

21   witness or as a consultant in this Action and who is not currently an employee of a Party, or

22   was not an employee of a Party within the last year or who was not within the last year an

23   employee of a competitor of a Party and who, at the time of retention, is not anticipated to

24   become an employee of a Party or a competitor of a Party. This definition includes a

25   professional jury or trial consultant retained in connection with this Action.

26              2.11    Professional Vendors:  persons or entities that provide litigation

27   support services (e.g., photocopying; videotaping; translating; preparing exhibits or

28

1   demonstrations; organizing, storing, retrieving data in any form or medium, jury consulting,

2   etc.) and their employees and subcontractors.

3       3.    SCOPE

4       The protections conferred by this Order cover not only Protected Material (as defined

5   above), but also any information copied or extracted therefrom, as well as all copies, excerpts,

6   summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or

7   counsel to or in court or in other settings that might reveal Protected Material.

8
9       4.    DURATION

10       Even after the termination of this Action, the confidentiality obligations imposed by this

11   Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

12   otherwise directs.

13       5.    DESIGNATING PROTECTED MATERIAL

14           5.1    Exercise of Restraint and Care in Designating Material for Protection.

15   Each Party or non-party that designates information or items for protection under this Order

16   must take care to limit any such designation to specific material that qualifies under the

17   appropriate standards.  A Designating Party must take care to designate for protection only

18   those parts of material, documents, items, or oral or written communications that qualify - so

19   that other portions of the material, documents, items, or communications for which protection

20   is not warranted are not swept unjustifiably within the ambit of this Order.

21       Mass, indiscriminate, or routinized designations are prohibited.  Designations that

22   are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

23   unnecessarily encumber or retard the case development process, or to impose unnecessary

24   expenses and burdens on other parties), expose the Designating Party to sanctions.

25       If it comes to a Party's or a non-party's attention that information or items that it

26   designated for protection do not qualify for protection at all, that Party or non-party must

27   promptly notify all other parties that it is withdrawing the mistaken designation.

28

STIPULATED [PROPOSED] PROTECTIVE ORDER    - 4 -    CASE NO. CV-04-05460 JF

1        5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in

2 this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or

3 ordered, material that qualifies for protection under this Order must be clearly so designated

4 before the material is disclosed or produced.

5        Designation in conformity with this Order requires:

6           (a)    <u>for information in documentary form</u> (apart from transcripts of

7 depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

8 "ATTORNEYS EYES ONLY" at the top of each page that contains Protected Material. If only a

9 portion or portions of the material on a page qualifies for protection, the Producing Party also

10 must clearly identify the protected portion(s) (e.g., by making appropriate markings in the

11 margins) and must specify "ATTORNEYS EYES ONLY."

12        A Party or non-party that makes original documents or materials available for

13 inspection need not designate them for protection until after the inspecting Party has indicated

14 which material it would like copied and produced. During the inspection and before the

15 designation, all of the material made available for inspection shall be deemed "Attorneys Eyes

16 Only." After the inspecting Party has identified the documents it wants copied and produced, the

17 Producing Party must determine which documents, or portions thereof, qualify for protection

18 under this Order, then, before producing the specified documents, the Producing Party must affix

19 the legend "ATTORNEYS EYES ONLY" at the top of each page that contains Protected

20 Material. If only a portion or portions of the material on a page qualifies for protection, the

21 Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

22 markings in the margins) and must specify, for each portion, "ATTORNEYS EYES ONLY."

23           (b)    <u>for testimony given in deposition or in other pretrial or trial</u>

24 <u>proceedings</u>, that the entire transcript of the testimony of that day shall be deemed to be

25 "Attorneys Eyes Only" for a period of thirty (30) days, and thereafter shall be redesignated as

26 public unless, within that time, the Party or non-party offering or sponsoring the testimony

27 identify any portions of the testimony that qualify as "Attorneys Eyes Only" and must specify, for

28 each portion, the legend "ATTORNEYS EYES ONLY." In the event of disagreement about the

1    confidential status of a deposition transcript, it shall continue to be treated as "Attorneys Eyes

2    Only" until this Court rules otherwise.

3           Transcript pages containing Protected Material must be separately bound by the

4    court reporter, who must affix to the top of each such page the legend "ATTORNEYS EYES

5    ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting

6    the testimony.

7           (c)    for information produced in some form other than documentary,

8    and for any other tangible items, that the Producing Party affix in a prominent place on the

9    exterior of the container or containers in which the protected information or item is stored the

10   legend "ATTORNEYS EYES ONLY." If only portions of the information or item warrant

11   protection, the Producing Party, to the extent practicable, shall identify the protected portions

12   using the legend "ATTORNEYS EYES ONLY."

13          5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent

14   failure to designate qualified information or items as "Attorneys Eyes Only" does not,

15   standing alone, waive the Designating Party's right to secure protection under this Order for

16   such material. The inadvertent failure to designate confidential information as "Attorneys

17   Eyes Only" shall not operate as a waiver of the Designating Party's right to designate

18   information or documents as "Attorneys Eyes Only" and the Designating Party shall promptly

19   provide marked replacement documents or other information using the legend

20   "ATTORNEYS EYES ONLY." The Party receiving the designated information shall certify

21   in writing that the original documents or information not bearing the designation have been

22   destroyed or return those documents or information within ten (10) court days after receipt of

23   the designated documents or information. If the Producing Party inadvertently discloses

24   information or material that is protected by the attorney-client privilege, the work-product

25   doctrine, or any other applicable privilege, the Designating Party shall promptly, upon

26   discovery of the disclosure, notify in writing the Parties of the inadvertent production and

27   request that the item(s) to be returned. If that request is made, thereafter no party to this

28   Action shall assert that the disclosure waived any privilege or immunity. It is further agreed

STIPULATED [PROPOSED] PROTECTIVE ORDER        - 6 -        CASE NO. CV-04-05460 JF

1    that any Party in receipt of such documents shall return or destroy the inadvertently produced

2    item(s) and all copies and derivations within five (5) court days after being notified.

3    Thereafter the Producing Party shall certify in writing that the inadvertently produced

4    documents or other materials were destroyed or that they have all been returned.  Such

5    inadvertently produced documents shall not be used for any purpose in this Action.

6        6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

7            6.1    Timing of Challenges.  Unless a prompt challenge to a Designating

8    Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness,

9    unnecessary economic burdens, or a later significant disruption or delay of the Action, a Party

10   does not waive its right to challenge a confidentiality designation by electing not to mount a

11   challenge promptly after the original designation is disclosed.

12           6.2    Meet and Confer.  A Party that elects to initiate a challenge to a

13   Designating Party's confidentiality designation must do so in good faith and must begin the

14   process by conferring directly (in voice to voice dialogue; other forms of communication are

15   not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party

16   must explain the basis for its belief that the confidentiality designation was not proper and

17   must give the Designating Party an opportunity to review the designated material, to

18   reconsider the circumstances, and, if no change in designation is offered, to explain the basis

19   for the chosen designation.  A challenging Party may proceed to the next stage of the

20   challenge process only if it has engaged in this meet and confer process first.

21           6.3    Judicial Intervention. A Party that elects to press a challenge to a

22   confidentiality designation after considering the justification offered by the Designating Party

23   may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local

24   Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the

25   basis for the challenge.  Each such motion must be accompanied by a competent declaration

26   that affirms that the movant has complied with the meet and confer requirements imposed in

27   the preceding paragraph and that sets forth with specificity the justification for the

28

STIPULATED [PROPOSED] PROTECTIVE ORDER        - 7 -        CASE NO. CV-04-05460 JF

1    confidentiality designation that was given by the Designating Party in the meet and confer

2    dialogue.

3            The burden of persuasion in any such challenge proceeding shall be on the

4    Designating Party. Until the Court rules on the challenge, all parties shall continue to afford the

5    material in question the level of protection to which it is entitled under the Producing Party's

6    designation.

7        7.    ACCESS TO AND USE OF PROTECTED MATERIAL

8            7.1    Basic Principles.  A Receiving Party may use Protected Material, the

9    information contained therein, and any summaries, copies, abstracts, or other documents

10   derived in whole or part from Protected Material only for the purpose of the prosecution,

11   defense, or settlement of this Action, including any appeals, and for no other purpose.  The

12   Receiving Party  shall not disclose any part of Protected Material to any other person or entity

13   except in conformance with the conditions described in this Order.  When the Action has been

14   terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL

15   DISPOSITION).

16           Protected Material must be stored and maintained by a Receiving Party at a

17   location and in a secure manner that ensures that access is limited to the persons authorized under

18   this Order.

19           The restrictions on the dissemination and use of Protected Material contained

20   herein do not apply to material that is publicly available, or becomes publicly available after

21   disclosure other than through an act or omission of the Receiving Party.

22           7.2    Restrictions of Disclosure of Information Designated "ATTORNEYS

23   EYES ONLY."

24           Unless otherwise ordered by the Court or permitted in writing by the Designating

25   Party, a Receiving Party may disclose any information or item designated "Attorneys Eyes Only"

26   only to:

27               (a)    The Receiving Party's Outside Counsel of record in this Action, as

28   well as employees of said counsel to whom it is reasonably necessary to disclose the information

STIPULATED [PROPOSED] PROTECTIVE ORDER          - 8 -          CASE NO. CV-04-05460 JF

1   or item for this Action and who have signed the "Agreement to Be Bound by Protective Order"

2   that is attached hereto as Exhibit A;

3           (b)    Experts (as defined in this Order) (1) to whom disclosure is

4   reasonably necessary for this Action, (2) who have signed the "Agreement to Be Bound by

5   Protective Order" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.3,

6   below, have been followed;

7           (c)    the Court and its personnel;

8           (d)    court reporters, their staffs, and Professional Vendors to whom

9   disclosure is reasonably necessary for this Action and who have signed the "Agreement to Be

10  Bound by Protective Order" (Exhibit A);

11          (e)    during their depositions, (1) witnesses in the Action to whom

12  disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by

13  Protective Order" (Exhibit A); or (2) current employees of a Producing or Designating Party in

14  the Action to whom disclosure of that Producing or Designating Party's own information is

15  reasonably necessary.  Pages of transcribed deposition testimony or exhibits to depositions that

16  reveal Protected Material must be separately bound by the court reporter and may not be

17  disclosed to anyone except as permitted under this Stipulated Protective Order.

18          (f)    the author of the document or the original source of the

19  information.

20          7.3    Procedures for Approving Disclosure of "ATTORNEYS EYES

21  ONLY" Information or Items to "Experts":

22          (a)    Unless otherwise ordered by the Court or agreed in writing by the

23  Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

24  information or item that has been designated "Attorneys Eyes Only" and/or marked with the

25  legend "ATTORNEYS EYES ONLY" first must make a written request to the Designating Party

26  that (1) sets forth the full name of the Expert and the city and state of his or her primary

27  residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current

28  employer(s), (4) identifies each person or entity from whom the Expert has received

1    compensation for work in his or her areas of expertise or to whom the Expert has provided

2    professional services at any time during the preceding five (5) years, unless the fact of the service

3    or relationship was itself confidential in which case a general description shall be provided

4    identifying the nature of the entity (e.g. government agency, manufacturer of HDDs) and the

5    nature of the service or work (e.g. engineering design, technical consulting) and (5) identifies (by

6    name and number of the case, filing date, and location of court) any litigation in connection with

7    which the Expert has provided any professional services during the preceding five (5) years,

8    including whether or not testimony was given in the litigation.

9              (b)    A Party that makes a request and provides the information specified in the

10   preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

11   within seven (7) court days of delivering the request, the Party receives a written objection from

12   the Designating Party.  Any such objection must set forth in detail the grounds on which it is

13   based.

14             (c)    A Party that receives a timely written objection must meet and confer with

15   the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

16   agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert

17   may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-

18   5, if applicable) seeking permission from the Court to do so.  Any such motion must describe the

19   circumstances with specificity, set forth in detail the reasons for which the disclosure to the

20   Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and

21   suggest any additional means that might be used to reduce that risk.  In addition, any such motion

22   must be accompanied by a competent declaration in which the movant describes the parties'

23   efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

24   discussions) and sets forth the reasons advanced by the Designating Party for its refusal to

25   approve the disclosure.

26             In any such proceeding the Party opposing disclosure to the Expert shall bear the

27   burden of proving that the risk of harm that the disclosure would entail (under the safeguards

28   proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

1    7.4   Each Party shall prepare and maintain a written list setting forth the

2    name of the person, his or her occupation, and business address, for each person described in

3    paragraphs 7.2 and 7.3, who reviews or is given access to Attorneys Eyes Only Information or

4    Items.  Support staff, stenographic and clerical employees of retained consultants, vendors

5    and Experts, and mock jurors retained by jury consultants, need not be listed.  For attorneys of

6    record and their staff and personnel, only the name of the law firm need be listed.  This list, as

7    well as copies of any executed versions of Exhibit A maintained by counsel, shall be provided

8    to opposing counsel upon request and, thereafter, upon revision of such documents.

9    8.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

10   OTHER LITIGATION.

11   If a Receiving Party is served with a subpoena or an order issued in other litigation that

12   would compel disclosure of any information or items designated in this Action as "ATTORNEYS

13   EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if

14   possible) immediately and in no event more than three (3) court days after receiving the subpoena

15   or order.  Such notification must include a copy of the subpoena or court order.

16
17   The Receiving Party also must immediately inform in writing the Party who caused the

     subpoena or order to issue in the other litigation that some or all the material covered by the
18
     subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must
19
     deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that
20
     caused the subpoena or order to issue.
21

22   The purpose of imposing these duties is to alert the interested parties to the existence of

23   this Protective Order and to afford the Designating Party in this case an opportunity to try to

24   protect its confidentiality interests in the court from which the subpoena or order issued.  The

25   Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

26   confidential material – and nothing in these provisions should be construed as authorizing or

27   encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

28

1    9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

2    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

3    Material to any person or in any circumstance not authorized under this Stipulated Protective

4    Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

5    unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

6    inform the person or persons to whom unauthorized disclosures were made of all the terms of this

7    Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

8    Be Bound" that is attached hereto as Exhibit A.

9
10   10.    FILING PROTECTED MATERIAL.

11   Without written permission from the Designating Party or a court order secured after

12   appropriate notice to all interested persons, a Party may not file in the public record in this Action

13   any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

14   with Civil Local Rule 79-5.

15   11.    FINAL DISPOSITION.

16   Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60)

17   days after the final termination of this Action, each Receiving Party must return all Protected

18   Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all

19   copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of

20   the Protected Material.  With permission in writing from the Designating Party, the Receiving

21   Party may destroy some or all of the Protected Material instead of returning it.  Whether the

22   Protected Material is returned or destroyed, the Receiving Party must submit a written

23   certification to the Producing Party (and, if not the same person or entity, to the Designating

24   Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the

25   Protected Material that was returned or destroyed and that affirms that the Receiving Party has

26   not retained any copies, abstracts, compilations, summaries or other forms of reproducing or

27   capturing any of the Protected Material.  Notwithstanding this provision, Outside Counsel are

28   entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

STIPULATED [PROPOSED] PROTECTIVE ORDER        - 12 -        CASE NO. CV-04-05460 JF

1   correspondence or attorney work product, even if such materials contain Protected Material. Any

2   such archival copies that contain or constitute Protected Material remain subject to this Protective

3   Order as set forth in Section 4 (DURATION), above.

4
        12.   <u>MISCELLANEOUS</u>
5
            12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any
6
    person to seek its modification by the Court in the future.
7
            12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this
8
    Protective Order no Party waives any right it otherwise would have to object to disclosing or
9
    producing any information or item on any ground not addressed in this Stipulated Protective
10
    Order. Similarly, no Party waives any right to object on any ground to use in evidence of any
11
    of the material covered by this Protective Order.
12
    IT IS SO STIPULATED.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: June 13, 2005

Respectfully submitted,

MCDERMOTT WILL & EMERY LLP

By: _____ /s/ Daniel Alberti _____
   Daniel E. Alberti (State Bar No. 68620)
   Mark G. Davis (*Pro Hac Vice*)
   Michael D. Switzer (*Pro Hac Vice*)

   Attorneys for Plaintiff
   **HITACHI GLOBAL STORAGE
   TECHNOLOGIES NETHERLANDS
   B.V.**

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____ /s/ Lisa M. Byerly _____
   Robert Feldman
   Jennifer Ochs
   Maura Rees
   Lisa M. Byerly

   Attorneys for Defendants and
   Counterclaimants GS MAGIC, INC., GS
   MAGICSTOR, INC., and RIOSPRING,
   INC.

## ORDER

IT IS SO ORDERED this $1 3^{TH}$ day of June, 2005.

_____
The Honorable Richard Seeborg
United States Magistrate Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of Hitachi Global Storage Technologies Netherlands B.V. v. GS Magic, Inc., GS Magicstor, Inc., and Riospring, Inc. Case No. CV-04-05460 JF. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I understand that I may use Protected Material, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or part from Protected Material only for the purpose of the prosecution, defense, or settlement of this Action, including any appeals, and for no other purpose. I also agree that at the close of this Action, I will return all materials to the law firm which provided the materials to me. I will not retain any copies.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

STIPULATED [PROPOSED] PROTECTIVE ORDER                                   CASE NO. CV-04-05460 JF

1     I hereby appoint _____ [print or type full name] of _____

2  [print or type full address and telephone number] as my California agent for service of process in

3  connection with this Action or any proceedings related to enforcement of this Stipulated

4  Protective Order.

5
6  Date: _____

   City and State where sworn and signed: _____
7
   Printed name: _____
8
                        [printed name]
9
   Signature: _____
10
                        [signature]
11
   MPK 92701-1.068041.0013
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28