1

2                                                          *E-Filed 6/2/06*

3

4

5

6

7                               NOT FOR CITATION

8             **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                          **SAN JOSE DIVISION**

11

| | |
|---|---|
| 12  HITACHI GLOBAL STORAGE TECHNOLOGIES NETHERLANDS, B.V., | Case Number C 04-5460 JF |
| 13 | ORDER AWARDING DAMAGES |
| 14  Plaintiff, | AND ATTORNEYS' FEES FOLLOWING ENTRY OF DEFAULT |
| 15  v. | JUDGMENT |
| 16  GS MAGIC, INC., et al., | |
| 17  Defendants. | |

18

19          On March 31, 2006, this Court entered default judgment against all Defendants and

20   directed Plaintiff to advise the Court whether Plaintiff would be submitting proof of damages and

21   a request for attorneys' fees.  On May 30, 2006, Plaintiff filed a motion seeking compensatory

22   damages in the amount of $23,600,000, plus enhanced damages of up to three times the

23   compensatory damages, as well as attorneys' fees in the amount of $934,348.75.

24                                  **DAMAGES**

25          Plaintiff's request for damages is governed by 35 U.S.C. § 284, which provides in

26   relevant part as follows:

27          Upon finding for the claimant the court shall award the claimant damages
            adequate to compensate for the infringement, but in no event less than a
28          reasonable royalty for the use made of the invention by the infringer, together with

1  interest and costs as fixed by the court.

2  When the damages are not found by a jury, the court shall assess them.  In either
3  event the court may increase the damages up to three times the amount found or
   assessed.  Increased damages under this paragraph shall not apply to provisional
4  rights under section 154(d) of this title.

5  Plaintiff requests $23,600,000 in compensatory damages, which primarily represents lost profits

6  as a result of Defendants' infringement and attempts to undercut Plaintiff in the market.

7  Calculation of such profits necessarily involves some speculation.  However, Plaintiff's

8  projections are well-supported by the motion and accompanying declarations.  Given the

9  evidence in the record that Defendants' infringement of Plaintiffs' rights was willful, and the fact

10  that Defendants defaulted in this case, the Court will draw all reasonable inferences in Plaintiffs'

11  favor.  Accordingly, the Court will award compensatory damages in the requested amount of

12  $23,600,000.

13  Enhanced damages of up to three times compensatory damages may be awarded when a

14  party is found to have willfully infringed or to have acted in bad faith.  35 U.S.C. § 284; *Cyber

15  Corp. v. FAS Technologies, Inc.*, 138 F.3d 1448, 1461 (Fed. Cir. 1998).  Willful infringement

16  does not mandate enhanced damages, however.  *Id.*  The primary consideration is the

17  egregiousness of the defendant's conduct based on all the facts and circumstances.  *Id.*

18  The Court has credited all of Plaintiff's evidence with respect to willfulness and lost

19  profits, and it has relied heavily on this evidence in concluding that the magnitude of requested

20  compensatory damages is appropriate in this case.  However, in the absence of a developed

21  record, the Court is not inclined to enhance those damages further in reliance on the same

22  evidence of willfulness.  Accordingly, the Court will deny the request for enhanced damages.

23  **ATTORNEYS' FEES**

24  Plaintiff's request for attorneys' fees is governed by 35 U.S.C. § 285, which provides that

25  "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."

26  When considering whether to award attorney fees under this section, a court must determine

27  whether there is clear and convincing evidence that the case is "exceptional" within the meaning

28  of the statute and, if so, whether an award of attorney fees to the prevailing party is warranted.

2

1   *Interspiro USA v. Figgiel Int'l Inc.*, 18 F.3d 927, 933 (Fed. Cir. 1994).  "The prevailing party

2   may prove the existence of an exceptional case by showing:  inequitable conduct before the PTO;

3   litigation misconduct; vexatious, unjustified, and otherwise bad faith litigation; a frivolous suit or

4   willful infringement."  *Epcon Gas Systems, Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022,

5   1034 (Fed. Cir. 2002).  "Litigation misconduct and unprofessional behavior are relevant to the

6   award of attorney fees, and may suffice, by themselves, to make a case exceptional."  *Id.*

7         The Court concludes that Defendants' willful infringement of Plaintiff's patents, as well

8   as their conduct during the course of this litigation (including backing out of a settlement

9   agreement, ceasing communications with their attorneys and failing to retain new counsel when

10   ordered to do so by the Court), renders this an exceptional case within the meaning of § 285.

11   While it declines to award enhanced damages for the reasons stated above, the Court concludes

12   that Plaintiff is entitled to recover its attorneys' fees based upon this record.  Accordingly, the

13   Court will award attorneys' fees in the requested amount of $934,348.75.

**ORDER**

15         The Court HEREBY ORDERS AND ADJUDGES that Plaintiff recover from Defendants

16   compensatory damages in the amount of $23,600,000 pursuant to 35 U.S.C. § 284 and attorneys'

17   fees in the amount of $934,348.75 pursuant to 35 U.S.C. § 285.

21   DATED:  6/2/06

_____
JEREMY FOGEL
United States District Judge

Case No. C 04-5460 JF
ORDER AWARDING DAMAGES AND ATTORNEYS' FEES FOLLOWING ENTRY OF DEFAULT JUDGMENT
(JFLC2)

1  Copies of Order served on:

2

3  <u>Counsel for Plaintiff</u>:

4  Daniel E. Alberti     dalberti@mwe.com, clovdahl@mwe.com

5  Lisa Sattler Blackburn     lsattler@mwe.com, vfarias@mwe.com

6  Christopher Duane Bright     cbright@mwe.com

7

8  <u>Defendants</u>:

9  GS Magic and GS Magicstor
   30F, Fuzhong International Plaza
10 126 Xinhua Road
   Guiyang, Guizhou, PR China 5500022

11
   GS Magic and GS Magicstor
12 No. 48, Yingbin West Road
   Jinyang District
13 Guiyang, Guizhou, PR China 550081

14 Riospring, Inc.
   1490 McCandless Drive
15 Milpitas, CA 95035

16

17

18

19

20

21

22

23

24

25

26

27

28

4